[Cite as *State v. Hogan*, 2013-Ohio-5708.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-301 |
| v. | : | (C.P.C. No. 08CR-8615) |
| Tremain R. Hogan, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

## Rendered on December 24, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Barbara Farnbacher*, for appellee.

*Tremain R. Hogan*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Tremaine R. Hogan, appeals from the March 15, 2013 judgment of the Franklin County Court of Common Pleas denying appellant's petition to vacate or set aside judgment. For the following reasons, we affirm.

{¶ 2} Appellant has been before this court twice, and we have previously summarized the facts which led him here in *State v. Hogan*, 10th Dist. No. 09AP-1182, 2010-Ohio-3385 ("*Hogan I*"), and *State v. Hogan*, 10th Dist. No. 11AP-644, 2012-Ohio-1421 ("*Hogan II*"). In *Hogan I*, appellant filed a direct appeal of his conviction of one count of rape, two counts of attempted rape, and one count of kidnapping. He challenged the denial of his motion to suppress, the admission of what he alleged to be evidence of prior bad acts, the weight and sufficiency of the evidence, and the trial court's claimed failure to merge appellant's kidnapping offense with his rape and attempted rape offenses. We sustained the assignments of error pertaining to the denial of the motion to suppress

and merger but overruled his remaining assignments of error. We ordered a limited remand with instructions to address the question of whether or not the prosecuting witness had a reliable, independent recollection of her attacker and that appellant was her attacker. We further instructed that, "[i]f such an independently reliable basis is proven, then the initial jury verdicts and judgment of guilt can be reinstated." *Hogan II* at ¶ 5.

{¶ 3} Upon remand, the trial court conducted an evidentiary hearing to determine whether the prosecuting witness had a reliable basis for her identification. On May 25, 2011, the court determined that she did. The court then reinstated the initial jury verdicts. On July 6, 2011, the trial court conducted resentencing proceedings and merged appellant's sentence as we instructed. Appellant again appealed. In *Hogan II*, appellant assigned as error: (1) failure to suppress the victim's in-court eyewitness identification of appellant on remand, and (2) reinstatement of the jury verdicts. We overruled both assignments of error.

{¶ 4} Prior to the March 30, 2012 release of our decision in *Hogan II*, on February 7, 2012, appellant filed a petition for post-conviction relief, along with requests for appointment of counsel, a complete transcript at no expense, and appointment of expert assistance. The basis of the petition for relief was that: (1) counsel was ineffective at the remand hearing; and (2) evidence of the identification was obtained from the fruits of a poisonous tree.

{¶ 5} On March 15, 2013, the trial court denied the requests for counsel, transcript, and experts. The court also denied the petition to vacate as to the issue of identification on the basis of res judicata, noting that appellant raised the issue in both direct appeals. As to the issue of ineffective assistance of counsel, the trial court found no merit to the claim.

{¶ 6} Defendant filed this appeal and asserts the following two assignments of error:

> [1.] The trial court erred to the prejudiced [sic] of defendant appellant when it failed to make findings of fact and conclusions of law to the second claim of post conviction petition with respect to the denying petition as required by section 2953.21 Ohio revised code.
>
> [2.] The trial court erred when it denied petition res judicata and did not warrant a hearing on ineffective counsel claim.

{¶ 7} We begin by affirming the trial court on the second assignment of error. In his second assignment of error, appellant asserts that the trial court erred in applying the doctrine of res judicata to the identification issue. In *State v. Steward*, 10th Dist. No. 10AP-838, 2011-Ohio-2272, we stated that, " '[u]nder the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal.' " *Id.* at ¶ 22, quoting *State v. Thompkins*, 10th Dist. No. 08AP-454, 2008-Ohio-5373, ¶ 12.

{¶ 8} In this case, appellant was represented by counsel in *Hogan II*. Therefore, consistent with our holding in *Steward*, we find the trial court did not err in determining that the identification issues could have been raised on direct appeal. Consequently, the court did not err in barring appellant from raising these same issues in his petition for post-conviction relief pursuant to the doctrine of res judicata.

{¶ 9} Appellant also asserts that the trial court erred in not holding a hearing on his ineffective-assistance-of-counsel claim. The trial court, applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984), found this claim to be completely without merit. The court noted that the record reflects counsel's diligent efforts addressing the issue of identification both at trial and during the hearing on remand. We agree.

{¶ 10} Furthermore, according to the post-conviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. *State v. Calhoun* 86 Ohio St.3d 279, 282-83 (1999), citing *State v. Cole*, 2 Ohio St.3d 112 (1982). Before granting an evidentiary hearing on the petition, the trial court shall determine *whether there are substantive grounds for relief* (R.C. 2953.21(C)), i.e.*,* whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21(A)(1). Therefore, when an ineffective-assistance-of-counsel claim is made, before a hearing is granted, " 'the petitioner bears the initial burden to submit evidentiary documents containing *sufficient operative facts* to demonstrate the lack of competent counsel *and* that the *defense was prejudiced* by counsel's ineffectiveness.' "

(Emphasis added.) *Calhoun* at 283, quoting *State v. Jackson*, 64 Ohio St.2d 107, 112, syllabus.

{¶ 11} Appellant provided the trial court with an affidavit which was attached to his motion for appointment of counsel. The affidavit addresses the alleged facts when the police took appellant into custody and interrogated him. It does not address any deficient performance by counsel outside the record. Nor does it attest that appellant was prejudiced by deficient performance of counsel, if any. In his motion for appointment of counsel filed the same day, appellant included a statement that:

> The following special circumstances about Petitioner and/or Petitioner's case further support this request:
>
> I am incarcerated and unable to get the reqired evidence to prove the claims in this petition. I would need counsel to prove the ineffective assistance of counsel and the Constitutional errors, and that Petitioner was denied constitutional rights.

{¶ 12} This statement does not allege deficient performance or prejudice. It also does not present any evidence outside the record. Rather, he requests the appointment of counsel to research evidence outside the record, if any.

{¶ 13} Appellant's affidavit does not rise to the level of demonstrating ineffective assistance of counsel as it does not contain any, let alone *sufficient, operative facts* to demonstrate ineffective assistance of counsel *and* that he *was prejudiced* by counsel's ineffectiveness, if any.

{¶ 14} With all this in mind, we determine that it was appropriate for the trial court to deny appellant's ineffective-assistance-of-counsel claim.

{¶ 15} Accordingly, we overrule appellant's second assignment of error.

{¶ 16} In his first assignment of error, appellant asserts that the trial court erred by failing to make findings of fact and conclusions of law when it denied his petition for post-conviction relief. R.C. 2953.21(G) states that, "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." We find no merit to appellant's contention that the trial court failed to issue sufficient findings of fact and conclusions of law in its judgment entry. In *State v. Mayrides*, 10th Dist. No. 03AP-347, 2004-Ohio-1623, ¶ 49,

we noted that the Supreme Court of Ohio has held that a trial court properly denies a petition for post-conviction relief and issues proper findings of fact and conclusions of law as required by R.C. 2953.21, " 'where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence.' " *Id.*, quoting *Calhoun* at 292. In *State v. Farley*, 10th Dist. No. 03AP-555, 2004-Ohio-1781, ¶ 15, we referred to the Supreme Court's holding in *State v. Mapson*, 1 Ohio St.3d 217, 219 (1982), wherein it stated:

> The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

{¶ 17} In this case, we find that the trial court's decision denying appellant's petition for post-conviction relief satisfies the policy considerations announced in *Mapson.* Even though the trial court does not specifically label its entry as findings of fact and conclusions of law, it serves that purpose.

{¶ 18} Accordingly, appellant's first assignment of error is overruled.

{¶ 19} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

—————————————