[Cite as *State v. Wade*, 2021-Ohio-4090.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

     Plaintiff-Appellee,              :

                                    No. 20AP-456

v.                                             :     (C.P.C. No. 15CR-6266)

Jordyn Wade,                                   :     (REGULAR CALENDAR)

     Defendant-Appellant.             :

---

D E C I S I O N
NUNC PRO TUNC[1]

Rendered on November 23, 2021

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Anzelmo Law*, and *James A. Anzelmo*, for appellant. **Argued:** *James A. Anzelmo.*

---

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Jordyn Wade, appeals from the decision of the Franklin County Court of Common Pleas denying his petition for postconviction relief under R.C. 2953.21, in which he claimed that he received ineffective assistance of counsel at his resentencing. For the reasons that follow, we affirm the trial court's judgment.

## I. Factual and Procedural Background

{¶ 2} Three weeks before his 17th birthday, Wade participated in a quadruple homicide resulting in "jury verdicts finding him guilty of multiple counts of aggravated murder, murder, attempted murder, aggravated burglary, aggravated robbery, kidnapping,

---

[1] This nunc pro tunc decision was issued to correct a citation contained in the original decision released November 18, 2021 and is effective as of that date.

and associated firearm and criminal-gang specifications." *State v. Wade*, 10th Dist. No. 16AP-674, 2018-Ohio-976, ¶ 1 (hereinafter, "*Wade I*"). An intended fifth victim survived and testified at trial. *Id.* at ¶ 3-14. The trial court sentenced Wade to a prison term of 172 and one-half years. *Id.* at ¶ 30. On direct appeal, we affirmed the convictions but remanded for resentencing because "the trial court failed to explicitly consider Wade's youth and attendant circumstances as a mitigating factor at sentencing," as required by *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849. *Wade I* at ¶ 60.

{¶ 3} At the resentencing, Wade again received a prison term of 172 and one-half years. (June 13, 2019 Am. Jgmt. Entry.) He appealed, arguing that a life sentence without parole violated the prohibitions on cruel and unusual punishment of the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution because the trial court failed to comply with *Long*'s requirement to consider the juvenile offender's youth as a mitigating factor. *State v. Wade*, 10th Dist. No. 19AP-350, 2020-Ohio-5399, ¶ 6 ("*Wade II*"). After reviewing the resentencing transcript, we acknowledged that "the trial court's findings are limited and do not explain how Wade's youth and his environment during his childhood, growth, and development shaped him, nor do they specifically state whether Wade's actions demonstrated a permanent condition or were instead a juvenile response that Wade would in time abandon." *Id.* at ¶ 8. Nevertheless, we concluded that the trial court's efforts were constitutionally adequate and complied with *Long* because it had:

> [R]ecounted on the record how Wade's juvenile record began early, how the severity of his offenses increased at a dramatic rate, and how he had already received substantial unsuccessful treatments in the juvenile system. The court's findings further establish that Wade did not suffer abuse or otherwise have a home environment that would offer some explanation for his actions, that he willfully encouraged his codefendant to kill the four victims, and that he showed a total lack of remorse for his crimes. [The controlling caselaw does] not require sentencing courts to reject life sentences for juvenile offenders convicted of homicide; they simply require trial courts to account for the youth of juveniles as a mitigating factor when sentencing for murder. Here, the trial court specifically stated that it had evaluated the defendant's youth and determined that an effective life without parole sentence of 172 1/2 years to life was appropriate punishment. We do not believe that caselaw required the trial court to do more than

> that, even if it would be a better practice to do so. Accordingly, we conclude that the trial court did not err in its sentence, and that Wade's rights under the U. S. Constitution and the Ohio Constitution to be free of cruel and unusual punishment were not violated.

*Id.*

{¶ 4}    In the direct appeal from his resentencing, Wade also raised the issue before us now, the allegation of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  However, at that time, we held that the issue was not fully reviewable:

> Wade argues that his counsel's failure to consider requesting a mitigation expert was ineffective assistance. But Wade cannot demonstrate prejudice under *Strickland* based on the record before us—even assuming his counsel was deficient in not requesting a mitigation expert or psychological expert, we have no record as to what that expert's testimony might have been, or whether such evidence would have or should have affected the trial court's analysis in any way. Such "off-the-record" claims are appropriately pursued by the filing of a petition for postconviction relief filed under R.C. 2953.21 rather than a direct appeal.

*Wade II* at ¶ 9.

{¶ 5}    To raise the ineffective assistance of counsel claim, Wade filed a petition for postconviction relief under R.C. 2953.21 on April 10, 2020.  In support of the petition, he noted that the trial court had ordered his transfer from the state prison to the county jail in anticipation of the resentencing on April 18, 2018, but subsequently "issued continuance after continuance" that led to him being held there for over one year until the eventual resentencing.  (Apr. 10, 2020 Petition at 3.)  Wade attached visitation records showing that his first attorney only visited him one time during that period, nine months after the transfer.  *Id.*  He asserted that his first attorney "did nothing to develop mitigation for the resentencing hearing," leading Wade to dismiss the attorney and seek substitute counsel.  *Id.* at 3-4.  His second attorney was appointed "a mere three weeks before" resentencing and only met with Wade once, "two days before the resentencing hearing."  *Id.* at 4.  According to Wade, his attorney's representation "was nothing short of abysmal" because the attorney admitted that he had not read this court's opinion remanding the case for resentencing, he had met with Wade only once and did not discuss mitigation, and "merely

asked for mercy, without presenting any compelling argument as to [Wade's] youth, brain development, or immaturity, the precise reasons the court of appeals remanded the case for rehearing." *Id.* According to Wade, his attorney also failed to "object when the trial court passed sentence without specifically referencing youth as a mitigating factor," which the prosecutor requested that the trial court acknowledge. *Id.* at 5.

{¶ 6} Citing these facts, Wade argued that he had received ineffective assistance of counsel at his resentencing hearing in violation of the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *Id.* He specifically argued that his "two resentencing attorneys failed to adequately investigate and develop mitigating evidence in support of his Eighth Amendment argument" and "failed to adequately consult with him as to the purpose and strategy of resentencing." *Id.* at 6. Wade also argued that his "resentencing attorney failed to effectively present mitigation at his resentencing hearing" and failed to move the trial court for a new trial as Wade had requested. *Id.*

{¶ 7} The trial court denied Wade's petition, largely on the basis that he had failed to show prejudice under *Strickland*. (Sept. 3, 2020 Decision and Jgmt. Entry.) The trial court noted that it had reviewed the presentence investigation that contained information on Wade's "background, including his childhood, home life, and mental health history" prior to resentencing and had "expressly considered the factors discussed in *Long*." *Id.* at 5. It rejected Wade's "assertion that counsel could have called witnesses or retained expert witnesses" because the petition provided no evidence "as to what the hypothetical witnesses would have shown. Therefore, this argument is speculative and does not establish ineffective assistance." *Id.* at 6, citing *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641. Thus, Wade had "failed to prove that there [was] a reasonable probability that, but for counsels' errors, the outcome would have been different." *Id.* In addition, the trial court rejected Wade's assertion that his counsel's performance was deficient, stating only that "the State's arguments related to the first prong" under *Strickland* "were persuasive." *Id.* at 7. Finally, the trial court ruled that a hearing on Wade's petition was "not necessary" because the petition and its supporting documentation failed to "set forth operative facts to establish" prejudice under *Strickland*. *Id.* at 6.

{¶ 8} Wade appeals and asserts the following assignments of error:

[1.] The trial court erred by denying and dismissing Wade's petition for post-conviction relief without holding an evidentiary hearing.

[2.] The trial court erred by denying and dismissing Wade's petition for post-conviction relief by summarily denying his request for an evidentiary hearing.

## II. Standard of Review

{¶ 9}  "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence."  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.  Under the abuse of discretion standard, only a conclusion that the trial court's decision was "unreasonable, arbitrary or unconscionable" will justify reversal. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## III. Analysis

{¶ 10}  Under R.C. 2953.21(A)(1), any person with a criminal conviction "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a postconviction petition seeking to have the judgment against them set aside.  The postconviction proceeding is not a direct appellate review of the judgment "but, rather, a collateral civil attack on the judgment."  *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). The postconviction review process "is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction."  *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000).

{¶ 11}  The postconviction relief statute "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required."  *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980).  Rather, "[b]efore granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D).  "To warrant an evidentiary hearing, the defendant bears the initial burden of providing evidence to demonstrate a cognizable claim of constitutional error." *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 13.  The trial court

may deny "a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus.

{¶ 12} Wade's postconviction petition asserted that he received ineffective assistance of counsel during the resentencing. A defendant claiming ineffective assistance of counsel must show both that "(1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant" during the proceeding in question. *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 24, citing *Strickland.* Under the *Strickland* standard, "scrutiny of counsel's performance must be highly deferential." *Strickland* at 689. Thus, "in order to secure a hearing on his petition," Wade was required to "proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to [him]." *State v. Cole*, 2 Ohio St.3d 112, 114 (1982).

{¶ 13} In support of his first assignment of error, Wade argues that the trial court erred by denying his petition for postconviction relief without holding a hearing. Citing *State v. Molton*, 8th Dist. No. 43661, 1982 WL 2316 (Jan. 28, 1982), he asserts that his "allegations of ineffective assistance of counsel, under the Sixth Amendment, were neither broad nor conclusory" because he "raise[d] specific contentions pertaining to his trial counsels' failure to investigate and present mitigating evidence" at the resentencing. (Appellant's Brief at 5.)

{¶ 14} In *Molton*, the Eighth District Court of Appeals reversed a trial court's denial of a defendant's pro se petition for postconviction relief filed nearly four years after he had entered guilty pleas to multiple counts of aggravated robbery and kidnapping. The petitioner alleged that "his guilty pleas were neither knowingly nor intelligently made, due to a promise made to him by his counsel that upon his pleading no contest he would receive probation, be made to pay a fine, and/or receive treatment for his drug dependency." *Id.* at * 1. The court found that these allegations fell within the following holding of *State v. Milanovich*, 42 Ohio St.2d 46 (1975), paragraph one of the syllabus:

> Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.

{¶ 15} Because there was "no direct evidence which rebutted" the defendant's allegation that his guilty pleas had been "induced by his counsel's promise regarding his sentence," the *Molton* court reversed and remanded for a hearing on the petition. *Id.* at * 3-4.

{¶ 16} For several reasons, *Molton* does not support Wade's claim that he was entitled to a hearing on his postconviction petition. First, Wade's ineffective assistance of counsel argument does not arise from the particular circumstance that *Molton* and *Milanovich* recognized as probably impossible for a petitioner to prove: private conversations with counsel preceding a plea colloquy that allegedly induced an involuntary guilty plea. Second, courts have recognized that the passage of Crim.R. 11, which "requires a trial court to personally inform the defendant of his rights and the consequences of his plea and to determine if the plea is understandably and voluntarily made," has "somewhat diluted" the *Milanovich* holding. *State v. Fry*, 11th Dist. No. 92-P-0049, 1992 Ohio App. LEXIS 6218, *6 (Dec. 11, 1992). The Supreme Court of Ohio has recognized this as well. *See State v. Kapper*, 5 Ohio St.3d 36, 37-38 (1983) ("If the legal landscape had remained unchanged from the time the petitioner in *Milanovich* entered his plea and the time appellant entered his pleas, then the instant case would seemingly be controlled by *Milanovich*. The law has changed significantly, however, as a result of the adoption of * * * Crim. R. 11."). *Kapper* held that a petitioner must "submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced" in order to obtain a hearing, *id.* at 38, a significant burden compared to the *Milanovich* standard that a claim of an involuntary guilty plea need only be "sufficient on its face" to provide a "substantive ground for relief," regardless of the evidence submitted. *Milanovich*. Thus, *Molton* provides no guidance for evaluating Wade's petition.

{¶ 17} In addition, Wade misreads *Molton* when he argues that a petitioner with allegations that are "neither broad nor conclusory" is entitled to a hearing. *Molton* at * 4.

That is not the standard for obtaining a hearing on a postconviction hearing and *Molton* did not so hold. *See, e.g., Calhoun* at paragraph two of the syllabus; *State v. Cole*, 2 Ohio St.3d 112, 114 (1982). As discussed, *Molton* applied the superseded *Milanovich* standard to hold that the appellant was entitled to a hearing on his petition. *Molton*'s observation that the petitioner's "allegations were neither broad nor conclusory" served another purpose: to show that the following cautionary language in *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980) did not preclude a hearing on his petition: "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing."

{¶ 18} The standard that does apply to Wade's petition can also be found in *Jackson*: "Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and *also* that the defense was prejudiced by counsel's ineffectiveness." *Id. See also Calhoun* at paragraph two of the syllabus; *Cole* at 114. It is this standard that the trial court applied and that Wade has not met. To address the performance prong under *Strickland*, Wade submitted some evidence of a troubling lack of preparation by his counsel. The Franklin County Inmate Visitation Schedule attached to his petition supports his assertion that his first attorney visited him only once during the first nine months that he was in the facility awaiting resentencing, as well as his assertion that his subsequent attorney only visited once prior to resentencing. The resentencing transcript confirms the attorney's single visit and supports Wade's complaints of a general lack of preparation for the hearing.

{¶ 19} In spite of these concerns, however, Wade's petition fails to demonstrate the prejudice *Strickland* requires. Wade's major complaint is the lack of mitigating evidence presented at his resentencing. However, "the mere failure to present mitigating evidence * * * does not itself constitute proof of ineffective assistance of counsel or deprivation of the accused's right to a fair trial." *State v. Johnson*, 24 Ohio St.3d 87, 91 (1986) (further reasoning that "the omission of such evidence in an appropriate case could be in response to the demands of the accused or the result of a tactical, informed decision by counsel,

completely consonant with his duties to represent the accused effectively"). In order to prove that allegedly ineffective counsel's failure to present mitigating evidence prejudiced the petitioner, he must show "that there was mitigating evidence counsel failed to present and that there is a reasonable probability that the evidence would have" affected the outcome of the proceeding in question. *State v. Keith*, 79 Ohio St.3d 514, 536 (1997). "Establishing that would require proof outside the record, such as affidavits demonstrating a lack of effort to contact witnesses or the availability of additional mitigating evidence." *Id.* In this case, however, Wade presented no evidence that any mitigating evidence existed that his resentencing counsel had failed to present. *Compare State v. Scott*, 63 Ohio App.3d 304, 310-11 (8th Dist.1989) (where "affidavits of appellant's family and close friends of his family [were] evidence of potentially mitigating circumstances that show that counsel did not refrain from introducing evidence as a tactical decision," there were "sufficient operative facts to show substantive grounds for relief and a hearing should have been held" on postconviction petition alleging ineffective assistance of counsel); *see also State v. Coleman*, 85 Ohio St.3d 129, 138-39 (1999) (affirming denial of claim of ineffective assistance of counsel where evidence in the record was "not mitigating" and failure to present it could therefore not show prejudice). As a result of the absence of any such evidence, Wade's petition makes only a conclusory assertion of prejudice, and his argument in support of the first assignment of error fails to mention prejudice at all. There were no operative facts presented concerning what mitigation evidence might have presented, making it impossible to assess the prejudicial effect of its absence at resentencing. The trial court correctly concluded that Wade had failed to show prejudice under *Strickland* and that he was therefore not entitled to a hearing on his petition for postconviction relief. Because Wade "cannot satisfy the second prong of *Strickland*, we need not address the first prong" concerning counsel's performance. *State v. Cosolis*, 10th Dist. No. 01AP-1070, 2002-Ohio-4302, ¶ 53. The first assignment of error is overruled.

{¶ 20} In the second assignment of error, Wade argues that the trial court erred when it "summarily denied" his petition. (Appellant's Brief at 7.) In his view, the trial court "did not elaborate on why it concluded that Wade failed to set forth operative facts" to support his claim. *Id.*

{¶ 21}  We read Wade's assignment of error as arguing that the trial court's ruling was inadequate under R.C. 2953.21(H), which states, "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."  The trial court's decision was a little over six pages and did not specifically designate findings of fact and conclusions of law.  (Sept. 3, 2020 Decision.)  We have previously held that a trial court need "not specifically label its entry as findings of fact and conclusions of law" where the entry otherwise comports with the requirement that its "findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence."  (Internal quotations omitted.) *State v. Hogan*, 10th Dist. No. 13AP-301, 2013-Ohio-5708, ¶ 16, quoting *State v. Mayrides*, 10th Dist. No. 03AP-347, 2004-Ohio-1623, ¶ 49, quoting *Calhoun* at 292.  Such is the case here.  The trial court detailed the evidence attached to Wade's petition, cited the appropriate standard for reviewing it and his claim of ineffective assistance of counsel, and denied relief with sufficient analysis for appellate review.  Although the trial court's discussion of Wade's counsel's performance was cursory, the ruling on prejudice formed the backbone of the discussion and for review.  We cannot fault the trial court for a limited discussion of a petition with so little evidence attached to support its claims.  The second assignment of error is overruled.

{¶ 22}  Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____