[Cite as *State v. Rhodes*, 2014-Ohio-2283.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-821 |
| | | (C.P.C. No. 12CR-3805) |
| Ruben Rhodes, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-845 |
| | | (C.P.C. No. 13CR-3962) |
| Ruben J. Rhodes, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 29, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Cooper and Pennington Co., LPA,* and *Christopher M. Cooper*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Ruben J. Rhodes, is appealing from multiple convictions for drug-related offenses. He assigns three errors for our consideration:

I. THE TRIAL COURT ERRED WHEN IT ALLOWED THE TESTIMONY OF AN EXPERT WITNESS WHO WAS NOT PREVIOUSLY DISCLOSED TO DEFENDANT'S COUNSEL.

II. APPLICANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

III. THE TRIAL COURT ERRONEOUSLY APPLIED THE DOCTRINE OF MERGER IN THE SENTENCE OF APPELLANT.

{¶ 2}    Rhodes was accused of making several trips to Florida to acquire controlled substances to be sold in central Ohio.  This led to two separate indictments.  The first indictment was issued on August 9, 2012 and included one count of engaging in a pattern of corrupt activity, five counts of aggravated trafficking in drugs as a felony of the second degree, two counts of aggravated trafficking in drugs as a felony of the fourth degree, and three counts of aggravated possession of drugs as felonies of the fifth degree.

{¶ 3}    On July 19, 2013, Rhodes was indicted a second time.  This time he was charged with six counts of aggravated funding of drug trafficking as felonies of the first degree.  He also was charged with another count of aggravated trafficking in drugs as a felony of the second degree.

{¶ 4}    The two indictments were tried in a single trial.  The jury returned verdicts of guilty as to all counts.  At sentencing, the trial court had to determine how many guilty verdicts could stand and how many were barred as a result of applying R.C. 2941.25, which reads:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 5}   The trial court sentenced Rhodes on all the charges for which the jury returned guilty verdicts.  This does not constitute strict compliance with R.C. 2941.25, since the statute bars a conviction on certain charges and does not mandate concurrent sentences.

{¶ 6}   The State of Ohio has acknowledged that the trial court erred by sentencing Rhodes on two of the possession charges at the same time it sentenced him on related trafficking charges involving the same controlled substances.  This mistake by the trial court necessitates a new sentencing proceeding.

{¶ 7}   Counsel for Rhodes asserts that other convictions are barred.  In more common terms, counsel argues that more charges merge.  Specifically, counsel asserts that all the charges in each indictment should merge, but does not really argue this assertion.

{¶ 8}   The State of Ohio has properly acknowledged the charges which do merge as indicated above.  The charge of possession of drugs in bulk amount overlaps with the charges of aggravated trafficking in drugs so heavily that, under the facts of this case, a merger occurs.  However, the financing allegations do not significantly overlap.  One can engage in trafficking without being the individual who financially underwrites the drug distribution operation.

{¶ 9}   As a result, we do not find that the trial court erred beyond the error admitted by the State of Ohio.

{¶ 10}  The third assignment of error is sustained in part and overruled in part.

{¶ 11} The second assignment of error asserts that trial counsel for Rhodes rendered ineffective assistance of counsel for purposes of the Sixth Amendment to the United States Constitution.  The key case for determining if trial counsel has rendered ineffective assistance is *Strickland v. Washington*, 466 U.S. 667 (1984).  *Strickland* sets a very high standard for appellate attorneys to meet if they are to demonstrate that trial counsel rendered ineffective assistance.  Trial counsel must have performed so poorly that the outcome of the trial is open to serious debate.  Trial counsel's performance must have prejudiced the defense.   The performance must not have constituted reasonable representation.

{¶ 12} Trial counsel in the trial of Rhodes did not fail to provide reasonable representation. Appellate counsel asserts two lapses. First, trial counsel did not pursue a Crim.R. 29(C) motion asking the trial court to grant a judgment of acquittal after the jury had returned its guilty verdicts. However, trial counsel requested judgments of acquittal at the close of the State's evidence and again at the close of all the evidence. There is no indication in the record before us that the trial court judge would have reached a different conclusion about the sufficiency of the State's evidence on the third approach. The third motion for a judgment of acquittal, in essence, asked the trial court judge to overrule the jury's verdicts in whole or in part and to decide that the evidence was now insufficient to convict. Nothing in the record indicates that a Crim.R. 29(C) motion had any likelihood of success. Trial counsel's failure to file or present such a motion did not constitute ineffective assistance of counsel.

{¶ 13} The other lapse alleged by appellate counsel is the failure of trial counsel to accept the trial judge's offer of a brief continuance for counsel to question an additional expert presented at the close of the State's case. The continuance also would have allowed trial counsel an opportunity to present additional or new evidence to rebut the expert witnesses' testimony.

{¶ 14} In some contexts, the failure of trial counsel to accept a trial court judge's offer of a continuance so trial counsel could prepare to cross-examine a new expert witness or acquire defense evidence to rebut the newly found expert's testimony would constitute a significant lapse of effective assistance. Here it did not, as will become more apparent from our addressing the final assignment of error below.

{¶ 15} The second assignment of error is overruled.

{¶ 16} The first assignment of error asserts prejudicial error flowing from the State's failure to abide by the requirements of Crim.R. 16 as to discovery and the failure of the State to abide by local rules pertaining to discovery. Further, the expert, Robert Amief, did not provide any sort of written report about his anticipated testimony, as required by Crim.R. 16(K), which reads:

> (K) **Expert Witnesses; Reports**. An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's

> qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

{¶ 17} The expert here was called to testify about the bulk amount of one or more controlled substances. The bulk amount of a controlled substance is defined by the applicable statute. The trial court judge should, in his or her charge to the jury, inform the jury of the definition of bulk amount. If expert testimony has demonstrated the quantity of controlled substances involved in the transactions, additional expert testimony to tell the jury what a statute says is unnecessary. The jury is more than capable of comparing the quantity of drugs proven to the statutory definition of bulk amount and deciding whether bulk amount or a multiple of the bulk amount was present in the drug transaction under consideration.

{¶ 18} Stated more succinctly, the witness called at the last minute was unnecessary to the trial process. Calling the witness was not prejudicial with or without advance notice.

{¶ 19} The first assignment of error is overruled.

{¶ 20} In summary, the first and second assignments of error are overruled. The third assignment of error is overruled in part and sustained in part. The judgment of the trial court is affirmed in part and reversed in part. The case is remanded for a new sentencing hearing consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*remanded for a new sentencing hearing.*

SADLER, P.J., and O'GRADY, J., concur.

———————————