[Cite as *State v. Rhodes*, 2017-Ohio-441.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                            :

        Plaintiff-Appellee,          :

v.                                                            :

Ruben J. Rhodes,                               :

        Defendant-Appellant.      :

No. 16AP-129
(C.P.C. No. 12CR-3962)
&
No. 16AP-130
(C.P.C. No. 13CR-3805)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on February 7, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee.

**On brief:** *Ruben J. Rhodes*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Ruben J. Rhodes, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for production of grand jury transcripts in two underlying cases. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} By indictment filed August 9, 2012 ("the first indictment"), plaintiff-appellee, State of Ohio, charged Rhodes with one count of engaging in a pattern of corrupt activity as a first degree-felony; five counts of aggravated trafficking in drugs as second-degree felonies; two counts of aggravated trafficking in drugs as fourth-degree felonies; and three counts of aggravated possession of drugs as fifth-degree felonies. Subsequently, on July 19, 2013, the state filed another indictment against Rhodes ("the second indictment"), this time charging him with six counts of aggravated funding of drug trafficking as first-degree felonies and one count of aggravated trafficking in drugs as a

second-degree felony. Both the first indictment and the second indictment alleged Rhodes made several trips to Florida to acquire controlled substances to be sold in Ohio.

{¶ 3} The trial court tried both indictments in a single trial, and a jury found Rhodes guilty on all counts. *State v. Rhodes*, 10th Dist. No. 13AP-821, 2014-Ohio-2283, ¶ 4. The trial court then sentenced Rhodes to an aggregate prison term of 37 years. On appeal, this court affirmed the convictions but remanded the matter to the trial court for a new sentencing hearing, instructing the trial court to merge for purposes of sentencing two of the possession counts with the corresponding trafficking counts regarding the same drugs. *Id.* at ¶ 6, 20. Rhodes did not file a timely appeal to the Supreme Court of Ohio, and the Supreme Court later denied his motion for delayed appeal. *State v. Rhodes*, 141 Ohio St.3d 1453, 2015-Ohio-239.

{¶ 4} On remand, the trial court conducted the resentencing hearing and, in a December 4, 2014 corrected judgment entry, again imposed an aggregate sentence of 37 years in prison. Initially, Rhodes filed a timely appeal from the corrected judgment entry, but he subsequently filed a motion to dismiss the appeal that this court granted. *State v. Rhodes*, 10th Dist. No. 14AP-1056 (June 4, 2015) (journal entry of dismissal).

{¶ 5} On October 8, 2015, Rhodes filed a motion for production of documents seeking access to the transcripts of the grand jury proceedings related to both indictments. Rhodes asserted he required access to the grand jury transcripts in order to demonstrate his actual innocence in postconviction proceedings and to pursue federal habeas corpus relief.

{¶ 6} In a February 3, 2016 decision and entry, the trial court denied Rhodes' motion for access to the grand jury transcripts. Rhodes timely appeals.

## II.  Assignment of Error

{¶ 7} Rhodes assigns the following error for our review:

> The trial court erred in refusing to permit the defendant access to the minutes of grand jury proceedings and/or to inspect such proceedings to determine the substance thereof.

### III. Analysis

{¶ 8}   In his sole assignment of error, Rhodes argues the trial court erred in denying his motion for production which sought access to the grand jury transcripts related to both of the underlying indictments.

{¶ 9}   "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph two of the syllabus.   "Ohio courts, including this court, have held that where 'there was no pending matter within the jurisdiction of the trial court involving defendant's criminal case that would necessitate further discovery,' a trial court lacks authority to grant a defendant's motion for production of grand jury testimony." *State v. Bridgewater*, 10th Dist. No. 12AP-428, 2012-Ohio-6167, ¶ 9, quoting *State v. Russell*, 10th Dist. No. 05AP-1325, 2006-Ohio-5945, ¶ 10, citing *State v. Short*, 8th Dist. No. 83492, 2004-Ohio-2695, ¶ 7 ("[w]ith no pending motions that would necessitate further discovery, the judge lacked the jurisdiction to review the particularized need for an in camera inspection").

{¶ 10} Though Rhodes argued in his motion that he needed access to the grand jury transcripts in order to support his potential filing of either a petition for postconviction relief or a federal habeas petition, those filings remained entirely theoretical at the time he sought access to the grand jury transcripts.   Here, as in *Bridgewater*, there was no matter pending before the trial court at the time of Rhodes' motion to compel the production of the grand jury transcripts, and the motion thus "lacked a valid jurisdictional basis." *Bridgewater* at ¶ 10, citing *Russell* at ¶ 10.  *See also State v. Herring*, 5th Dist. No. 1996 CA 00385 (Mar. 17, 1997) (stating the court was "unaware of any procedural or substantive rule of law which authorizes the court to, in essence, order post-conviction discovery absent the filing of a post-conviction relief petition supported by appropriate affidavits").   Therefore, the trial court did not err in denying Rhodes' motion, which should have been dismissed for lack of jurisdiction.  *State*

*v. Ruark*, 10th Dist. No. 15AP-142, 2015-Ohio-3206, ¶ 14, citing *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13.[1]

{¶ 11} Accordingly, we overrule Rhodes' sole assignment of error.

## IV. Disposition

{¶ 12} Based on the foregoing reasons, the trial court did not err in denying Rhodes' motion to compel production of the grand jury transcripts.  Having overruled Rhodes' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

———————————

[1] The state also argued that the trial court's denial of Rhodes' request for the grand jury transcripts was not a final appealable order.  However, if the trial court had jurisdiction, the denial would be a final appeal order. *State v. Hatfield*, 10th Dist. No. 11AP-1045, 2012-Ohio-3473, ¶ 5 (a trial court's denial of a post-trial request for a transcript is a final appealable order).