[Cite as *Rider v. Dir., Ohio Dept. of Job & Family Servs.*, 2017-Ohio-8716.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Linda S. Rider, | : | |
| Appellant-Appellant, | : | No. 16AP-854 |
| | | (C.P.C. No. 16CV-4437) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Director, Ohio Department of Job & Family Services et al., | : | |
| | : | |
| Appellees-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on November 28, 2017

**On brief**: *Linda S. Rider*, pro se.

**On brief**: *Michael DeWine*, Attorney General, and *David E. Lefton*, for appellee Director, Ohio Department of Job & Family Services. **Argued**: *David E. Lefton*.

**On brief**: *Michael DeWine*, Attorney General, *and Perez & Morris LLC*, *Juan Jose Perez*, and *Lindsay M. Sestile*, Outside Counsel for appellee The Ohio State University. **Argued**: *Lindsay M. Sestile*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Linda S. Rider, appellant, has filed an appeal from the judgment of the Franklin County Court of Common Pleas in which the court affirmed the decision of the Unemployment Compensation Review Commission ("commission"), appellee, a division of the Ohio Department of Job & Family Services ("ODJFS"), appellee.

{¶ 2}   On August 1, 2013, appellant began employment with The Ohio State University ("university"), appellee, as a senior program coordinator in the State Authorization Department. In September 2014, appellant's supervisor, Robert Griffiths, began to experience problems with appellant's job performance, including appellant's complaints regarding her pay, complaints from other departments regarding negative interactions with appellant, and appellant's insistence on a more specific job description.

{¶ 3}   In May 2015, the university placed appellant on a Performance Improvement Plan ("PIP").  Griffiths continued to experience job performance issues with appellant, and appellant's behavior did not conform to the PIP.

{¶ 4}   On June 22, 2015, the university terminated appellant's employment. Appellant filed a claim for unemployment benefits with ODJFS, which initially allowed the claim.  On September 2, 2015, the director of ODJFS issued a redetermination decision finding that the university had discharged appellant without just cause. The university appealed the redetermination to the commission.  On February 29, 2016, the commission reversed the decision of ODJFS' director and found the university had terminated appellant with just cause. Appellant sought further review by the commission, but the commission disallowed her request on April 6, 2016.

{¶ 5}   Appellant appealed to the trial court. On November 10, 2016, the trial court affirmed the commission's decision to deny appellant's unemployment benefits claim. Appellant, pro se, appeals the judgment of the trial court. Although appellant's brief contains a section listing her assignments of error, some of these assignments of error are lengthy, multi-paragraph arguments.  For the sake of brevity, we will include only the first one or two sentences of these assignments of error in the following list:

> [I.]  Appellant alleges that the Court of Common Pleas abused its discretion by not conducting a "hybrid" review of evidence, both of record and new allegations that would discredit testimony relied upon.
>
> [II.] Appellant alleges that the Court of Common Pleas abused its discretion by not reviewing and considering that other evidenced legal claims against The Appellee and its employees filed by the Appellant were significant and should be appropriately weighted in reviewing this case during a "hybrid" review of evidence in support of Appellant's claims.

[III.] Appellant alleges that the Court of Common Pleas abused its discretion and prejudice in opining that the Appellant had not provided evidence to discredit testimony of Appellee and its employees and that she arbitrarily asserted that they were "liars" and "incompetent."

[IV.] Appellant alleges that the Court of Common Pleas, Court of Appeals, has "plenary" oversight of purely legal questions. The issue of testimony or evidence presented that is perjured, in violation of law, and therefore, discredited and cannot be relied upon.

[V.] In paragraphs 1, 2, and 3 below in *Reasoning* in the UCRC's Decision fails to cite any violation of law, code, or published authorized University policy. The citing below of the UCRC is an abuse of discretion and lacks any basis in violation of the Appellee's employment policy or code, or any other violation of employment law as "just cause" for termination.

{¶ 6} We must first address appellant's failure to file a brief conforming to the Ohio Rules of Appellate Procedure. "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16(A)(7). App.R. 16(A)(7) requires that appellant include in his/her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief." " 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' " *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40, quoting *Bond v. Village of Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16. Thus, "[i]f an argument exists supporting an assignment of error, 'it is not this court's duty to root it out.' " *Reid v. Plainsboro Partners, III*, 10th Dist. No.

09AP-442, 2010-Ohio-4373, ¶ 22, quoting *State v. Breckenridge*, 10th Dist. No. 09AP-95, 2009-Ohio-3620, ¶ 10, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20. *See also Petro* at ¶ 94 ("It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error.").

{¶ 7} In the present case, appellant's brief fails in several respects. Most glaringly, appellant failed to argue her assignments of error separately in her brief. Although her list of assignments of error is lengthy and contains some argument as part of the assignments of error, the argument section of the brief is one continuous section with no delineation of which argument is presented in support of which assignment of error. In addition, appellant's brief lacks appropriate citations to the record. Her argument contains just one citation from the approximately 140 pages of hearing transcripts, and that single citation to the transcript is made in support of a broad, general statement that there was no lawful, reasonable, or just cause for terminating her, without further explanation as to how the portion of the cited transcript supports such statement. Beyond this single inadequate citation, appellant fails to cite any other evidence in the 1,200-page administrative record to support her arguments. As explained above, App.R. 12(A)(2) permits this court to disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief. To be sure, appellant's brief does contain arguments, but "this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. Therefore, because appellant's brief did not conform to the above appellate rules, we overrule appellant's assignments of error.

{¶ 8} However, to provide appellant some closure on the matter, we note we have reviewed appellant's arguments and find them to be without merit. Appellant's first, second, third, and fourth assignments of error largely argue that the trial court should have performed a "hybrid" review and considered certain recordings in appellant's possession but not in evidence, as well as other legal claims and outside actions that appellant has pending against appellees that would demonstrate all of appellees' testimony was perjured. However, pursuant to R.C. 4141.282(H), the appeal to the trial

court could only be heard on the record as certified by the commission; thus, the trial court could not review these recordings and outside actions, and this argument is without merit.

{¶ 9}   Appellant's fifth assignment of error argues that the commission failed to cite any violation of law, code, or published university policy to support its determination that she was terminated for just cause. However, appellant fails to cite any authority for the proposition that only a violation of law, code, or published policy can support a just-cause termination. To the contrary, "just cause for dismissal exists when an employee's actions demonstrate an unreasonable disregard for an employer's best interests." *Janovsky v. Ohio Bur. of Emp. Servs.*, 108 Ohio App.3d 690, 694 (2d Dist.1996). Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Peyton v. Sun T.V. & Appliances*, 44 Ohio App.2d 10, 12 (10th Dist.1975). Here, there was testimony appellant was insubordinate and refused to follow a written PIP. The commission cited these reasons to support just cause, and we find no error in that determination. Therefore, appellant's argument is without merit.

{¶ 10} Accordingly, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK, P.J., and SADLER, J., concur.

_____