[Cite as *State v. Rhodes*, 2025-Ohio-2956.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

    Plaintiff-Appellee, :

                                                   No. 25AP-267

v. : (C.P.C. No. 12CR-3962)

Ruben J. Rhodes, : (ACCELERATED CALENDAR)

    Defendant-Appellant. :

D E C I S I O N

Rendered on August 19, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Ruben J. Rhodes*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, Ruben J. Rhodes, appeals from a judgment of the Franklin County Court of Common Pleas that denied his motion asking the trial court to fully comply with this court's remand order.

## I. Facts and Procedural History

{¶ 2} On August 13, 2013, a jury found appellant guilty of one count of engaging in a pattern of corrupt activity, seven counts of aggravated trafficking in drugs, one count of possession of heroin, and two counts of aggravated possession of drugs. On September 16, 2013, the trial court sentenced appellant to 37 years in prison. On appeal, this court upheld appellant's convictions but remanded for a new sentencing hearing to resolve a merger issue. *See State v. Rhodes*, 2014-Ohio-2283 (10th Dist.).

{¶ 3} On December 3, 2014, the trial court on remand held a brief resentencing hearing indicating "Count 83 merges with 85" and "Count 84 merges with 86." (Dec. 3, 2014 Tr. at 2.) All parties agreed those were the correct mergers. The initial resentencing entry filed December 4, 2014 incorrectly stated it was sentencing appellant on multiple counts that included Counts 83 and 84, which all parties previously agreed must be merged. To correct this issue, the trial court on December 9, 2014 filed a revised resentencing entry that properly omitted the errant mention of Counts 83 and 84. On December 23, 2014, the trial court filed a third resentencing entry to correct an unrelated error, while still properly omitting Counts 83 and 84.

{¶ 4} On January 7, 2025, appellant filed a motion asking the trial court to fully comply with the remand order of this court in *Rhodes*. On January 10, 2025, the state filed a memorandum contra contending appellant's motion failed to take into account the December 9, 2014 revised resentencing entry that corrected the ministerial error to which appellant was now objecting. The state's memorandum contra also asserted the motion was barred by res judicata. On February 21, 2025, the trial court denied appellant's motion.

{¶ 5} Appellant timely appeals.

## II. Assignment of Error

{¶ 6} Appellant assigns the following error for our review:

> [I.] THE TRIAL COURT AS TODATE, HAS NOT FULLY COMPLIED WITH THE COURT OF APPEALS (REMAND) IN STATE OF OHIO v. RUBEN RHODES, APPEAL NO. 13AP-845 (C.P.C. NO. 12CR-3962).

## III. Discussion

{¶ 7} We review the trial court's judgment for an abuse of discretion. *State v. Wade*, 2021-Ohio-4090, ¶ 9 (10th Dist.) (establishing that appellate courts review judgments disposing of R.C. 2953.21 postconviction petitions under an abuse of discretion standard of review). For the reasons that follow, we overrule appellant's assignment of error.

{¶ 8} First, the trial court on December 9, 2014 corrected what appeared to be a ministerial error in the first resentencing entry by removing its reference to Counts 83 and 84. The trial court thus complied with this court's remand order in *Rhodes*, 2014-Ohio-

2283 (10th Dist.). We find no abuse of discretion in the trial court's second corrected judgment entry of December 9, 2014 or its third entry of December 23, 2014.

{¶ 9} Second, R.C. 2953.21 requires a defendant to file a postconviction petition "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2)(a). Appellant did not style his motion as a postconviction petition, but the substance of his request—that the trial court fully comply with this court's remand order—amounts to a postconviction petition under R.C. 2953.21. The transcript of the resentencing hearing following the remand from this court was filed February 2, 2015. Appellant did not file his postconviction petition until January 7, 2025—about nine years too late. While the trial court did not rule on this basis, appellant's untimely filing supports our conclusion the court did not abuse its discretion in denying the motion.

{¶ 10} Third, even if appellant had filed a timely, factually accurate motion, the doctrine of res judicata barred him from bringing this postconviction petition. Res judicata bars a convicted defendant, who was represented by counsel, from raising in a postconviction petition a defense that could have been raised in a direct appeal. *See State v. Davenport*, 2018-Ohio-3949, ¶ 15 (10th Dist.). Here, appellant was represented by counsel at his resentencing, and if he hoped to challenge the trial court's already-corrected ministerial error, he should have filed a direct appeal from the December 9, 2014 entry. Thus, the present assignment of error is barred by the doctrine of res judicata.

{¶ 11} Accordingly, we overrule appellant's sole assignment of error.

{¶ 12} Lastly, appellant argued the trial court erred in failing to separately impose fines on each of his drug possession and drug trafficking convictions. The Ohio Rules of Appellate Procedure require an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Unfortunately, appellant failed "to argue the assignment separately in the brief." App.R. 12(A)(2). We are thus permitted to "disregard" this assignment of error. App.R. 12(A)(2); *see Rider v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-8716, ¶ 7 (10th Dist.) ("App.R. 12(A)(2) permits this court to disregard an assignment of error if the party raising it . . . fails to argue the

assignment separately in the brief.").  Despite the fact that appellant raised discernable contentions on the issue of mandatory fines, it remains the case that " 'this court rules on assignments of error only, and will not address mere arguments.' "  *Rider* at ¶ 7, quoting *Ellinger v. Ho*, 2010-Ohio-553, ¶ 70 (10th Dist.).  Accordingly, we disregard appellant's separate argument on mandatory fines for failure to comply with App.R. 16(A)(7).

## IV.  Conclusion

{¶ 13} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.

_____