[Cite as *State v. Wade*, 2019-Ohio-3464.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-848 |
| | | (C.P.C. No. 15CR-6266) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jordyn Wade, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 27, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Kinsley Law Office,* and *Jennifer M. Kinsley*, for appellant. **Argued:** *Jennifer M. Kinsley.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jordyn Wade, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for a new trial. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In 2015, plaintiff-appellee, State of Ohio, charged Wade with being a delinquent youth for his role in a quadruple homicide. The juvenile court bound Wade's case over to the trial court, and the trial court tried Wade as an adult. Following a jury trial, Wade was convicted of multiple counts of aggravated murder, murder, attempted murder, aggravated burglary, aggravated robbery, kidnapping, and accompanying firearm and criminal-gang specifications. Wade appealed, and this court affirmed his convictions but

remanded the matter to the trial court for resentencing. *State v. Wade*, 10th Dist. No. 16AP-674, 2018-Ohio-976.

{¶ 3}   While his direct appeal was still pending before this court, Wade filed in the trial court a motion for new trial.  In his motion, Wade asserted he had newly discovered evidence that could not have been produced at trial in the form of an affidavit from his codefendant, Robert Adams, in which Adams avers Wade did not participate in the crimes for which he was convicted.  The state opposed Wade's motion for new trial.

{¶ 4}   In an October 1, 2018 decision and entry, the trial court denied Wade's motion for new trial.  In its decision, the trial court noted Wade's motion for new trial was untimely under the parameters of Crim.R. 33 and that Wade failed to seek leave to file a delayed motion for new trial.  The trial court concluded Wade's motion was not well-taken based on his failure to first seek leave to file the delayed motion for new trial.  Moreover, the trial court concluded that even if it were to construe Wade's motion, itself, as the motion for leave, Wade did not demonstrate that he was unavoidably prevented from discovering the new evidence within the 120-day time period of Crim.R. 33, nor did Wade demonstrate that the evidence could be categorized as newly discovered evidence.  Finally, the trial court noted Wade waited 203 days after Adams executed his affidavit to file his motion for new trial.  Thus, the trial court concluded Wade did not file his motion for new trial within a "reasonable time" after discovering the alleged new evidence.  (Decision & Entry at 13.) Based on all these reasons, the trial court denied Wade's motion for new trial.

{¶ 5}   After missing the deadline for a timely appeal, Wade filed a motion for leave to file delayed appeal that this court granted.  *State v. Wade*, 10th Dist. No. 18AP-848 (Nov. 14, 2018) (journal entry).  This appeal follows.

## II.  Assignment of Error

{¶ 6}   Wade assigns the following error for our review:

> The trial court abused its discretion in denying defendant-appellant Jordyn Wade's motion for new trial.

## III.  Analysis

{¶ 7}   In his sole assignment of error, Wade argues the trial court abused its discretion in denying his motion for new trial.

{¶ 8}   The decision of whether to grant a new trial pursuant to Crim.R. 33 rests within the sound discretion of the trial court.  *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus.  An appellate court reviews a trial court's determination of a Crim.R. 33 motion for an abuse of discretion.  *Id.*; *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8.  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9}   Wade premised his motion for new trial on newly discovered evidence.  A trial court may grant a new trial under Crim.R. 33(A)(6) "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."  The language of Crim.R. 33 makes it clear that a trial court should not grant a new trial " 'unless it affirmatively appears from the record that a defendant was prejudiced by one of the grounds stated in the rule, or was thereby prevented from having a fair trial.' "  *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 41, quoting *Columbus v. Carroll*, 10th Dist. No. 96APC01-90 (Aug. 27, 1996), citing Crim.R. 33(E).

{¶ 10} Additionally, the rule provides a time limit in which a defendant has to file the motion.  "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered."  Crim.R. 33(B).  Further, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B). Thus, "where a defendant seeks to file a motion for new trial beyond the 120-day time limit, Crim.R. 33(B) requires the defendant to first obtain leave before seeking a new trial."  *State v. Golden*, 10th Dist. No. 13AP-927, 2014-Ohio-2148, ¶ 9, citing *State v. Graggs*, 10th Dist. No. 13AP-852, 2014-Ohio-1195, ¶ 5.  *See also State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13 (noting "Crim.R. 33(B) contemplates a two-step procedure" in which a defendant must first seek leave to establish he was "unavoidably prevented" from discovering the new evidence, and secondly, only after the trial court makes that finding, the defendant must then file the actual motion for new trial within seven days from the finding).

{¶ 11} Here, Wade did not seek leave to file his delayed motion for new trial. As this court has held, "[a] trial court does not abuse its discretion in denying a motion for new trial filed outside the Crim.R. 33(B) time frame where the defendant does not first seek leave to file the motion." *Golden* at ¶ 10, citing *Salinas* at ¶ 45-46; *State v. Ingram*, 10th Dist. No. 08AP-937, 2009-Ohio-2755, ¶ 16-17; *State v. Jones*, 10th Dist. No. 08AP-551, 2008-Ohio-6515, ¶ 13. Thus, because Wade did not first seek leave to file his delayed motion for new trial, the trial court did not abuse its discretion in denying the motion. *Golden* at ¶ 10.

{¶ 12} We also note that to the extent Wade argues the trial court should have construed his motion for new trial as a motion for leave, Wade does not demonstrate the trial court abused its discretion in deciding his motion as it was originally captioned. *See, e.g., State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (noting courts have discretion to "recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"). Notably, the word "leave" does not appear anywhere in Wade's motion before the trial court. Additionally, though the trial court here did engage in an alternative analysis if it were to consider Wade's motion as a motion for leave, it nonetheless determined that Wade's failure to file a motion for leave was sufficient grounds to deny his motion. Thus, we find no abuse of discretion in the trial court failing to construe Wade's motion for new trial as a motion for leave.

{¶ 13} Accordingly, we overrule Wade's sole assignment of error.

## IV. Disposition

{¶ 14} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Wade's motion for new trial. Having overruled Wade's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.