[Cite as *State v. Wade*, 2020-Ohio-5399.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                            :

     Plaintiff-Appellee,              :

                                     No. 19AP-350

v.                                        :          (C.P.C. No. 15CR-6266)

Jordyn Wade,                              :          (REGULAR CALENDAR)

     Defendant-Appellant.             :

---

D E C I S I O N

Rendered on November 24, 2020

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Jeffery A. Linn, II*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Jordyn Wade, appeals the May 6, 2019 decision of the Franklin County Court of Common Pleas resentencing him to a combined sentence of 172 1/2 years to life for 4 aggravated murders and 24 other associated felonies. This court affirmed the jury's verdict of guilt following Wade's trial, but reversed as to his sentence at *State v. Wade*, 10th Dist. No. 16AP-674, 2018-Ohio-976 ("*Wade I*"). This court also affirmed the trial court's judgment denying his motion for a new trial at *State v. Wade*, 10th Dist. No. 18AP-848, 2019-Ohio-3464 ("*Wade II*"). This timely appeal follows the trial court's April 17, 2019 resentencing hearing, and Wade asserts two assignments of error—

No. 19AP-350

first that his sentence is unconstitutional, and then that his resentencing counsel was ineffective for failure to present mitigation evidence at sentencing.

{¶ 2} The full facts of the case were set forth by this court in *Wade I*. Wade was 16 years old at the time of the offenses, and was convicted as an aider and abettor for the crimes committed during the course of a burglary and robbery, including a felonious assault and several murders. According to the evidence adduced at trial he was an active and armed participant in the robbery, and he directly encouraged his codefendant to shoot the five victims—only one survived. She identified Wade from photo lineups and testified at trial as to the events of the crime. *See Wade I* at ¶ 1-30.

{¶ 3} He was found guilty and sentenced to an aggregate sentence of 172 1/2 years to life. He appealed his conviction to this court, and we reversed on sentencing issues. We concluded that the trial court had erred by imposing a life sentence without parole on a juvenile without specifically considering Wade's youth as a mitigating factor, as required under *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, and *Miller v. Alabama*, 567 U.S. 460 (2012). The State conceded the error on appeal, observing that Wade's sentence was the "functional equivalent" of a life-without-parole because it consists of consecutive prison terms exceeding a juvenile's life expectancy, *see State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, ¶ 60-62, and therefore that, in accordance with *Long*, the case should be remanded to consider Wade's youth as a mitigating factor. This court accordingly vacated Wade's sentence and remanded the case to the trial court for further proceedings. *Wade I* at ¶ 63.

{¶ 4} On remand, the trial court held a brief resentencing hearing, and reimposed the same term of incarceration. (*See* April 17, 2019 Transcript). The findings of the court supporting in their entirety are as follows:

No. 19AP-350

THE COURT: I have reviewed the pre-sentence investigation. I have considered as a mitigating and attendant circumstance the defendant's youth. And my sentence in this case is based upon the overriding principles and purposes of felony sentencing stated in 2929.11. Specifically, to protect the public from future crime by you and others; to punish you using the minimum sanctions that I determine will accomplish these purposes without imposing any unnecessary burden on state and local government resources; to ensure that the sentence is consistent with other similar offenses committed by like offenders; that the sentence is proportionate to the harm you caused and the impact upon the victims; and that your sentence is not based upon any impermissible purpose.

Finally, in determining your sentence I have considered all seriousness and recidivism factors of 2929.12(B) through (E). More serious: Injury to the victim or victims was worsened by the physical, mental condition or age of the victims. The victims suffered serious physical, psychological and economic harm. The offense was committed as part of an organized criminal activity. I do not find any factors of the less serious.

Recidivism likely: The offender was on bail prior to sentencing or was on probation; prior adjudication of delinquency; failure to respond favorably in the past to sanctions imposed for criminal convictions; demonstrated a pattern of drug or alcohol abuse related to the offenses and refuses to acknowledge it or refuses treatment. I also find that he shows no remorse whatsoever in this matter.

I have reviewed the *State versus Long* decision cited by the Court of Appeals, and I have considered the fact that Mr. Wade was three weeks prior to his 17th birthday when the murders had occurred. I do note from the pre-sentence investigation that the defendant has had a history of criminal convictions, in particular, beginning at the age of 12. He was convicted of aggravated arson at the age of 12; at the age of 13, theft. He had multiple school attendance violations; improper handling of a firearm; again, possession of drugs, tampering with evidence, theft, curfew, another theft. Possession of drugs was dismissed; burglary, and I believe he was placed on receiving stolen property [sic] at the age of 16 when all of those convictions [sic] occurred.

He was placed on probation, I guess, for Juvenile Court three times. He never successfully completed that. He was sentenced [sic] to Department of Youth Services in 2014. There is [sic] allegations that he was, and it was proven at trial, that he was a member of various gangs.

No. 19AP-350

> With respect to his home life, the defendant describes his childhood as overall good. He was never abused as a child. He also indicates that he never witnessed any domestic violence. He has been placed on probation for several cases, all of which were terminated unsuccessfully.
>
> He is associated as a member of the Banger Squad, which is the name of the young members section of the larger Windsor Terrace Posse criminal gang, which is a Crips criminal gang. There is [sic] multiple photographs obtained from his phone in which he was posing holding a handgun and five of them also doing gang signs.
>
> The last grade he attended school before dropping out was ninth grade. He was expelled from his first school. The defendant also denied being diagnosed with any mental health issues.
>
> In the *State v. Long* decision, they indicate [sic] that as a juvenile, they sometimes can be easily manipulated and easily—I believe the exact terminology is that they are more vulnerable to negative influences and outside pressures.
>
> And I sat through the entire trial. There is no indication whatsoever that Robert Adams in any way coerced, directed or imposed undue influence. And, in fact, prior to Mr. Adams shooting the five people, four of which passed, he was encouraged by the defendant and requesting him to go ahead and something in the record to the extent, "Go ahead and kill them all." So he was actually the one encouraging the homicides.
>
> So I have considered his youth, his upbringing, his prior criminal record, and I will impose the original sentence in this matter.

*Id.* at 4-8.

{¶ 5} On appeal, Wade argues that the imposition of a 172 1/2-year minimum term with a life tail based on these findings constitutes cruel and unusual punishment, and that his sentencing counsel's failure to request or consider a mitigation expert for the resentencing hearing violated his right to the assistance of counsel. We address each assignment of error in turn.

No. 19AP-350

**Assignment of Error No. 1:** The trial court imposed a sentence in violation of Mr. Wade's constitutional protections.

{¶ 6} Wade argues that his sentence is unconstitutional under the Eighth Amendment to the U. S. Constitution and Article I, Section 9, Ohio Constitution because it constitutes cruel and unusual punishment. In *Long*, 2014-Ohio-849, at ¶ 19, the Supreme Court of Ohio interpreted and applied *Miller*, 567 U.S. 460, and held that

> [a]s applied to a juvenile found guilty of aggravated murder under R.C. 2929.03(A) * * * youth is a mitigating factor for a court to consider when sentencing a juvenile. * * * The offender's youth at the time of the offense must still be weighed against any statutory consideration that might make an offense more serious or an offender more likely to recidivate. Yet because a life-without-parole sentence implies that rehabilitation is impossible, when the court selects this most serious sanction, its reasoning for the choice ought to be clear on the record.

Wade cites *Long*, *Miller*, and *Montgomery v. Louisiana*, __ U.S. __, 136 S.Ct. 718 (2016) (which amplified *Miller* and applied its requirements retroactively to a 53-year-old life-without-parole sentence for a homicide) in support of his contention.

{¶ 7} In *Wade I*, this court reversed based on *Long* and held that the trial court had sentenced Wade to life without parole without adequately considering Wade's youth and its attendant characteristics and without considering Wade's youth as a mitigating factor, and because the trial court "did not comply with R.C. 2929.03(A) and (B), as explained in *Long* * * *." *Wade I* at ¶ 60-62. Accordingly, the question for our review is whether the trial court's statements that it considered Wade's youth at the rehearing was sufficient to comply with the requirements of *Long*, *Miller*, and *Montgomery* and with this court's prior remand in *Wade I*.

{¶ 8} We conclude that the trial court complied with the foregoing caselaw and our remand. To be sure, the trial court's findings are limited and do not explain how Wade's

No. 19AP-350

youth and his environment during his childhood, growth, and development shaped him, nor do they specifically state whether Wade's actions demonstrated a permanent condition or were instead a juvenile response that Wade would in time abandon. Wade suggests that the judge's discussion in support of the sentence reduces *Long* to the question of whether the youth was more susceptible to "negative influences and outside pressures" at the time of the crime. *See* Tr. at 8-9. But the court also recounted on the record how Wade's juvenile record began early, how the severity of his offenses increased at a dramatic rate, and how he had already received substantial unsuccessful treatments in the juvenile system. The court's findings further establish that Wade did not suffer abuse or otherwise have a home environment that would offer some explanation for his actions, that he willfully encouraged his codefendant to kill the four victims, and that he showed a total lack of remorse for his crimes. *Long, Miller, Montgomery* and *Wade I* do not require sentencing courts to reject life sentences for juvenile offenders convicted of homicide; they simply require trial courts to account for the youth of juveniles as a mitigating factor when sentencing for murder. Here, the trial court specifically stated that it had evaluated the defendant's youth and determined that an effective life without parole sentence of 172 ½ years to life was appropriate punishment. We do not believe that caselaw required the trial court to do more than that, even if it would be a better practice to do so. Accordingly, we conclude that the trial court did not err in its sentence, and that Wade's rights under the U. S. Constitution and the Ohio Constitution to be free of cruel and unusual punishment were not violated.

> **Assignment of Error No. 2:** Appellant was denied his Sixth Amendment right to effective assistance of counsel when counsel failed to present mitigation at sentencing.

No. 19AP-350

{¶ **9**} In order to obtain a reversal on appeal for ineffective assistance of counsel, a defendant must demonstrate both that defense counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984). Wade argues that his counsel's failure to consider requesting a mitigation expert was ineffective assistance. But Wade cannot demonstrate prejudice under *Strickland* based on the record before us—even assuming his counsel was deficient in not requesting a mitigation expert or psychological expert, we have no record as to what that expert's testimony might have been, or whether such evidence would have or should have affected the trial court's analysis in any way. Such "off-the-record" claims are appropriately pursued by the filing of a petition for postconviction relief filed under R.C. 2953.21 rather than a direct appeal. *See*, *e.g., State v. Sidibeh*, 10th Dist. 12AP-498, 2013-Ohio-2309, ¶ 8, quoting *State v. Murphy*, 10th Dist. 00AP-233, 2000 Ohio App. LEXIS 6129 (Dec. 26, 2000) (petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' "). Accordingly, Wade cannot demonstrate any error with the trial court's judgment.

{¶ **10**} For the reasons stated, Wade's two assignments of error are overruled, and the judgment and sentence of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN,J., concurs.
BRUNNER, J., concurs in judgment only.